This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Charles Lons, et al., appeal from the judgment of the Medina County Court of Common Pleas. We reverse and remand.
 {¶ 2} On March 23 and May 22, 2001, appellees, Cathy Tivenan, et al., filed a complaint and an amended complaint against appellants relating to an easement which appellees claimed was valid and existing. On September 5, 2001, appellants filed an answer and counterclaim. A hearing was held before a magistrate and, on March 14, 2002, a transcript of the magistrate's proceedings was filed in the trial court record. Thereafter, on March 18, 2002, the magistrate issued an opinion, finding that there was a valid easement and denying appellants' counterclaim. Appellants filed objections to the magistrate's decision on March 22, 2002. A hearing on appellants' objections was held on May 28, 2002. In a judgment entry dated May 28, 2002, the trial court stated that a transcript of the magistrate's proceedings had not been provided and entered judgment that there existed a valid easement. This appeal followed.
 {¶ 3} Appellants raise one assignment of error:
 {¶ 4} "THE TRIAL COURT ERRED WHEN IT FOUND THAT A VALID EASEMENT EXISTED AND WHICH EASEMENT ENCUMBERED THE PROPERTY OF THE DEFENDANTS."
 {¶ 5} In their assignment of error, the appellants assert that the trial court erred when it adopted the portion of the magistrate's decision holding that there existed a valid easement. As the record establishes that the trial court entered judgment without reviewing the transcript of the magistrate's hearing, we agree.
 {¶ 6} Civ. R. 53(E)(3)(b) provides that any objection to the magistrate's finding of fact "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." When objections based upon a magistrate's factual findings are made and a transcript is ordered, the trial court does not have discretion to overrule objections and adopt the magistrate's decision without both reviewing and considering the transcript. In re Moorehead (1991),75 Ohio App.3d 711, 720. "A trial court abuses its discretion when it overrules objections to a magistrate's report without first reviewing the transcript that is ordered and provided by the objecting party." Hill v.Hill (Nov. 16, 2000), 10th Dist. Nos. 00AP-385 00AP-386.
 {¶ 7} In the present case, on March 22, 2002, appellants filed objections to the magistrate's findings of fact and asserted that the magistrate's decision was contrary to the evidence. Previously, on March 14, 2002, a transcript of the magistrate's proceedings was filed in the trial court record. In its judgment entry, the trial court found that it had not been provided a transcript of the proceedings before the magistrate. Then, observing that it had reviewed the magistrate's decision, the trial court stated that appellees had a valid easement and were not holders in fee simple to the real estate. The trial court also stated that any other objections of the appellants were not well-taken.
 {¶ 8} The trial court erred when it appeared that it failed to review and consider the transcript prior to adopting the decision of the magistrate. Accordingly, we sustain the appellants' assignment of error to the extent that the trial court failed to consider the submitted transcript and remand the matter for the trial court to review the appellants' objections with the filed transcript. The judgment of the Medina County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.
BAIRD, P.J. and CARR, J. CONCUR.